

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-4-2006

# Bensouda v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3821

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Bensouda v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1320.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1320

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3821
_____

MURLIE BENSOUDA,

Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A72 215 262
on February 26, 2004
Immigration Judge Annie S. Garcy

_____


Submitted Under Third Circuit LAR 34.1(a)
April 3, 2006

Before: SLOVITER, SMITH AND VAN ANTWERPEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed April 4, 2006)
_____

OPINION
_____

PER CURIAM

Murlie Bensouda, a native and citizen of The Gambia, petitions for review of an

order of the Board of Immigration Appeals, finding him removable and denying his

applications for relief from removal. We will deny the petition.[1]

I.

This case has a long procedural history, dating back to 1997. Because the parties are familiar with the facts, we recount only those facts necessary to an understanding of our decision. Bensouda was originally placed in removal proceedings for having stayed beyond the time authorized. He applied for asylum and related relief. Bensouda was convicted of having possessed and uttered a falsely made immigration record in violation of 18 U.S.C. § 1546(a). Bensouda was served with an amended Notice to Appear, charging him with having committed an aggravated felony based on this conviction.

In a removal hearing, the Immigration Judge (IJ) found Bensouda was removable as charged. Because he had been convicted of an aggravated felony, the IJ found he was not eligible for asylum, but considered his applications for statutory withholding of removal and protection under the United Nations Convention Against Torture (CAT). Bensouda's claims for relief were based on his family relationship with his father, who was a prominent official in the government of The Gambia's former president, Dawda Jawara, and was a prominent official in the People's Progressive Party (PPP). His claim was also based on his own past membership in the PPP and his work for his father's

_____

[1] Bensouda initiated these proceedings by filing a habeas corpus petition under 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey. While the petition was pending, the REAL ID Act of 2005, Pub L. No. 109-13, 119 Stat. 231, took effect on May 11, 2005. Pursuant to § 106(c) of that act, the District Court transferred the petition to this Court to be treated as a petition for review.

2

campaign.

The IJ noted that Bensouda's claims were not based on any past persecution, but rather that he feared persecution on the basis of his family membership and/or his own political activities, because PPP was no longer in power. The IJ noted that this may have been a viable claim years ago, but that conditions had changed in The Gambia such that Bensouda could not show a likelihood that he would be persecuted. The IJ also found no evidence that Bensouda would be tortured if returned to The Gambia, and thus denied his CAT claim. The BIA affirmed without opinion, and Bensouda filed a § 2241 petition, as previously described.

## II.

We first must address the Government's argument that this petition is untimely. Pursuant to section 106(c) of the REAL ID Act, the 30-day time period for filing a petition for review, 8 U.S.C. § 1252(b)(1), does not apply to cases pending in the District Court on the effective date of the Act and transferred to a court of appeals pursuant to the provisions of the Act. Bensouda's petition was pending in the District Court on the effective date of the Act, and is therefore not subject to the 30-day limit.[2] We have jurisdiction to consider any constitutional claims or questions of law raised by the petition for review. 8 U.S.C. § 1252(a)(2)(D).

## III.

_____

[2] In any event, we note that Bensouda filed his § 2241 petition on March 26, 2004, within 30 days of the BIA's order.

The only issue raised in Bensouda's habeas petition, which he has attached to his informal brief, is that his removal order is not lawful, and that "he was and remains eligible for the relief sought including withholding or deferral of removal pursuant to § 241(b)(3) of the INA codified at 8 U.S.C. § 1231(b)(3), or Article 3 of the Convention Against Torture." Bensouda makes no additional argument in his brief.

The determination that an alien has well-founded fear of persecution is a finding of fact. Abdille v. Ashcroft, 242 F.3d 477, 483 (3d Cir. 2001). Because Bensouda has committed an aggravated felony, we are without jurisdiction to review that determination. 8 U.S.C. § 1252(a)(2)(C). As noted above, Bensouda did not claim that he had been persecuted in the past. Thus, he did not benefit from any presumption that he would be persecuted in the future; c.f., 8 C.F.R. § 208.16(b)(1), and it remained his burden to show that it was more likely than not that he would be persecuted in the future. Bensouda has not raised any constitutional claims or questions of law concerning the IJ's determination that he did not meet this burden. We thus will deny the petition.[3]

---

[3] We do not consider the attachments to Bensouda's brief, aside from the habeas petition, as our review is confined to the administrative record. 8 U.S.C. § 1252(b)(4).